## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARCUS ARNOLD,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO.** |
| **UNUM LIFE INSURANCE** | ) | |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.     JURISDICTION AND PARTIES

**1.**

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

**2**.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

**3.**

Plaintiff, Marcus Arnold (hereinafter "Plaintiff") is a citizen of the United States and the State of Georgia.

**4.**

Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter Unum or Defendant), is a foreign corporation doing business for profit in Georgia. Upon information and belief defendant Unum negotiated, maintained, and administered the disability plan and policy at issue in this case. Unum may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway, South Suite 300, Norcross, Georgia 300092.

## II.   STATEMENT OF FACTS

**5.**

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 4 stated above.

**6.**

Plaintiff's employer, Georgia Power contracted with Defendants under group contact number 137411 to provide long term disability benefits to its employees.

**7.**

At all times material to this action, there was in full force and effect an insurance policy for disability income benefits, constituting a binding contract of insurance between Georgia Power and the Defendants.

**8.**

Defendants issued a long term disability policy in order to provide long term disability benefits to Georgia Power employees.

**9.**

Georgia Power offered long term disability coverage to its employees as a welfare benefit plan, as defined under ERISA.

**10.**

At all times material to this action, Plaintiff was an insured employee as defined under the policy.

**11.**

Unum Defendants pay benefits to covered employees under this policy.

**12.**

Unum Defendants administered the disability policy at issue and made all decisions as to benefits payable.

**13.**

Under the long term disability policy, "Disability" is defined as:

**HOW DOES UNUM DEFINE DISABILITY?**

You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular job due to sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

You will continue to receive payments beyond 24 months if you are also:

- working in any occupation and continue to have a 50% or more loss in your indexed earnings due to your sickness or injury; or

-not working and, due to the same sickness or injury, are unable to perform the duties of any occupation for which you are reasonably fitted by education, training or experience.

**14.**

At the time of the onset of his disability, Plaintiff worked for Georgia Power as a winch truck operator.

**15.**

Plaintiff ceased working on or about May 3, 2005 due to symptoms associated with cardiomyopathy, HIV, hepatitis B. The symptoms Plaintiff suffered included, inter alia, shortness of breath and extreme fatigue.

**16.**

Plaintiff was prescribed large doses of medications to alleviate the symptoms of his debilitating conditions.

**17.**

Plaintiff applied for long term disability benefits in accordance with the terms of the Plan on or around May 2005 and was approved for these benefits on or around May 2005.

**18.**

Unum paid Plaintiff's claim for approximately 11 years or until December 2016.

**19.**

On December 14, 2016 Tasha Garland ("Ms. Garland) of Unum issued a letter terminating Plaintiff's benefits.

Unum's December 2016 termination letter states that Plaintiff could perform in three (3) occupations despite the lack of improvement in his medical condition.

**20.**

On or around May 30, 2017, with the assistance of counsel, Plaintiff appealed the denial of his claim.

**21.**

On June 2, 2017, and in support of Plaintiff's appeal, Dr. Asha Parikh provided Unum with a letter that stated in relevant part that:

*My medical opinion has not changed over the course of Mr. Arnold's treatment and it is still my opinion that Mr. Arnold is incapable of working due to his symptoms.*

**22.**

On July 14, 2017 via letter Unum Defendants upheld the decision to deny Plaintiff's long term disability benefits claim.

**23.**

Unum Defendants have failed to provide Plaintiff a full and fair review of his claim.

**24.**

Unum Defendants failed to administer the Plan in accordance with the terms that govern the Plan.

**25.**

Unum Defendants failed to consider all the medical evidence submitted by the Plaintiff.

**26.**

Unum Defendants failed to administer the plan in accordance with E.R.I.S.A. claim regulations set out at 29 C.F.R. § 2560.503-1.

**27.**

Unum Defendant's denial of Plan benefits was unlawful.

**28.**

Unum Defendants erroneously denied Plaintiff's disability benefits.

**29.**

Unum Defendants' decisions to deny Plaintiff's disability benefits were made in bad faith, arbitrarily and without substantial justification.

**30.**

Unum Defendant's denial of Plaintiff's disability benefits was a breach of the terms of the policy under which Plaintiff was covered and a breach of Defendants' duties in discharging its fiduciary responsibilities to Plaintiff.

**31.**

Plaintiff has exhausted all administrative remedies.

**III.    CLAIM FOR RELIEF ENTITLEMENT TO LTD BENEFITS AGAINST UNUM DEFENDANTS**

**32.**

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31 stated above.

**33.**

Plaintiff became entitled to long term disability benefits under the Plan, which benefits were denied by Unum Defendants.

**34.**

In making such determination to deny benefits and/or in processing Plaintiff's procedural appeals, Unum Defendants amongst other things:

a)  "Cherry picked" the information considered ignoring the medical opinions of Plaintiff's treating and attending physicians that Plaintiff was unable to work;

b)  Failed to take into account the credible statements provided by Plaintiff that reveal continued disability;

c)  Relied on hearsay reports of physicians and other persons who did not examine Plaintiff;

d)  Failed to provide vocational reviewers with all of Plaintiff's medical records and restrictions and limitations placed on Plaintiff by his treating and attending physicians.

e)  Misquoted and misinterpreted medical evidence provided by Plaintiff's treating and attending physicians;

f)  Failed to provide Plaintiff with a full and fair review of her claim as required by 29 U.S.C. § 1133 and the regulations codified at 29 C.F.R. § 2560.503-1;

**35.**

Plaintiff is entitled to long term disability benefits under Unum Defendants' policy for the following reasons:

a.      These benefits are permitted under the Plan;

b.      Plaintiff has satisfied all conditions;

c.    Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

**36.**

Unum Defendants have refused to pay long term disability benefits to Plaintiff since December 2016 despite substantial medical documentation and supportive opinions from Plaintiff's treating physicians. As a result of Unum Defendants' failure to pay benefits to Plaintiff, Plaintiff is entitled to relief as outlined below in the Prayer for Relief.

## V.    **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests judgment of this Court against Defendants as follows:

(1)    Find and hold Unum Defendants owe Plaintiff back and future long term disability benefits in accordance with the terms of the plan and the policy, plus pay the maximum allowable interest on all back benefits;

(2)    Award Plaintiff's attorney's fees, including litigation expenses, and the cost of this action; and

(3)    This Court find that Defendants have breached fiduciary duties owed to Plaintiff; and

(4)     Grant other and further relief as may be just and proper.

This the 22 day of January 2018.

Adams-Bradham, P.C.

_Paulette R. Adams-Bradham_
Paulette Adams-Bradham
Attorney for Plaintiff
P. O. Box 5097                                Ga. State Bar No.: 004723
Alpharetta, Georgia 30023
(770) 650-4145

11